# CV 14   5484

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

J & J SPORTS PRODUCTIONS, INC.               Civil Action No.

Plaintiff,

v.                                           COMPLAINT

ENCUENTRO 103, INC.
d/b/a ENCUENTRO 103
and ANABEL FLORES

ROSS, J.

Defendants,

SERVE ON:

LEVY, M.J.

Encuentro 103, Inc.
d/b/a Encuentro 103
37-29 103rd Street
Corona, NY 11368

Anabel Flores
c/o Encuentro 103
37-29 103rd Street
Corona, NY 11368

Plaintiff, J & J Sports Productions, Inc., by and through its undersigned counsel, Paul J. Hooten &

Associates, complains of the defendants, Encuentro 103, Inc. d/b/a Encuentro 103 and Anabel

Flores alleges as follows:

### Jurisdiction

1.      This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C.

§§ 605 and 553.

2.      Jurisdiction in this Court is proper under 28 U.S.C. §1331 and 47 U.S.C. §§ 605 and 553.

1

3.     Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

## Parties

4.     At all times hereinafter mentioned, plaintiff, J & J Sports Productions, Inc. was and is a corporation organized and existing under the laws of the State of California, with its principal office and place of business located in Santa Clara, California.

5.     Upon information and belief the defendant, Encuentro 103, Inc. Inc. is a corporation duly organized under the laws of the State of New York, and authorized to transacting business as "Encuentro 103" from its principal place of business located 37-29 103rd Street, Corona, New York. Upon information and belief, Defendant Anabel Flores, is an officer, director, shareholder and/or principal of Encuentro 103, Inc. d/b/a Encuentro 103 and had a right and ability to supervise the infringing activities complained of herein. Defendant Anabel Flores has an obvious and direct financial interest in the exploitation of the copyrighted materials complained of herein. Defendant Anabel Flores, also is listed as the Principal on Encuentro 103, Inc. d/b/a Encuentro 103 liquor license with the New York State Liquor Authority, and thus had a direct financial gain in the infringing activities that took place at the Defendants' Establishment.

6.     Defendants Encuentro 103, Inc. d/b/a Encuentro 103 and Anabel Flores are herinafter collectively referred to as "Defendants."

## Preliminary Background

7.     Plaintiff entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the September 14, 2013 WBC Middleweight Championship Fight between Floyd Mayweather, Jr. and Saul Alvarez, including undercard or preliminary bouts (the match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as

2

theaters, arenas, bars, clubs, lounges, restaurants and the like throughout New York and other geographic locales (the "License Agreement"). Plaintiff paid substantial fees for its exclusive rights to exhibit the Event under the License Agreement.

8.      Plaintiff entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout the New York area.

9.      The closed-circuit broadcast of the Event was not intended for the use of the general public. In New York, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized to do so by J & J Sports Productions, Inc.

10.     Pursuant to the License Agreement, J & J Sports Productions, Inc. marketed and distributed the closed-circuit rights granted to it. J & J Sports Productions, Inc. contracted with various establishments throughout New York and granted to such establishments the right to broadcast the Event in exchange for a fee.

11.     The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12.     The transmission of the Event was available to the defendants to purchase for broadcast in Encuentro 103, Inc. d/b/a Encuentro 103 . Had they done so, they would have been authorized to receive, transmit and publish the Event Encuentro 103, Inc. d/b/a Encuentro 103. Defendants did not, however, contract with J & J Sports Productions, Inc. to obtain the rights to broadcast the Event.

13.     The establishments which contracted with J & J Sports Productions, Inc. to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to

3

receive the signal of the Event.

14.    On September 14, 2013 in violation of J & J Sports Productions, Inc.'s rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within Encuentro 103, Inc. d/b/a Encuentro 103 .

15.    The Defendants misappropriated J & J Sports Productions, Inc. licensed exhibition of the Event and infringed upon J & J Sports Productions, Inc. exclusive rights while avoiding proper payment to J & J Sports Productions, Inc. Defendants' purpose and express intent in committing their unlawful actions was to secure a financial gain and commercial advantage. As previously mentioned, Defendant Anabel Flores, is an officer, director, shareholder and/or principal of Encuentro 103, Inc. d/b/a Encuentro 103   and had a right and ability to supervise the infringing activities complained of herein on the night the "Event" was shown at Defendants' Establishment. Defendant Anabel Flores had an obvious and direct financial interest in the exploitation of the copyrighted materials complained of herein. Defendant Anabel Flores as the Principal on Encuentro 103, Inc. d/b/a Encuentro 103   liquor license with the New York State Liquor Authority, had a direct financial gain in the infringing activities that took place at the Defendants' Establishment on the night the Event was shown therein.

16.    The Defendants enabled the patrons within Encuentro 103, Inc. d/b/a Encuentro 103 to view the Event to which neither the Defendants nor the patrons were entitled. Defendant Anabel Flores as an officer, director, shareholder and/or principal of Encuentro 103, Inc. d/b/a Encuentro 103 , had a

4

right and ability to supervise the infringing activities complained of herein on the night the "Event" was shown at Defendants' Establishment.

17.     The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by J & J Sports Productions, Inc.

18.     The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

19.     Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to J & J Sports Productions, Inc.

**COUNT I**
**VIOLATION OF 47 U.S.C. §605(e)(3)(C)(i)(II)**

20.      Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

21.     The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

22.     The Defendants' wrongful actions in connection with the Event were in violation of the Statute.

5

23.     Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Statute.

24.     Moreover, Section 605(e)(3)(C)(i)(II) provides that "the party aggrieved may recover an award of statutory damages for each violation of subsec. (a) involved in the action in a sum of not less than $ 1,000 or more than $ 10,000, as the court considers just, and for each violation of paragraph (4) of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $ 10,000, or more than $ 100,000, as the court considers just."

25.     By virtue of the License Agreement, J & J Sports Productions, Inc. maintained proprietary rights in the intercepted communication of the Event. Therefore, J & J Sports Productions, Inc. is an aggrieved person and is entitled to recover damages from the Defendants for their violations of the Statute and their interference with J & J Sports Productions, Inc. proprietary rights.

26.     Because of its contractual rights and obligations with regard to distribution of the Event, J & J Sports Productions, Inc. had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendants' acts, J & J Sports Productions, Inc. has lost the revenue which would have been derived from the delivery and exhibition of the Event to Encuentro 103, Inc. d/b/a Encuentro 103   and its patrons, causing substantial and irreparable harm, including, but not limited to, a loss of revenue and profits, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event. Further, J & J Sports Productions, Inc. has also suffered an unquantifiable loss of future business in those persons who will not patronize J & J Sports Productions, Inc.,

6

subscribers on the assumption that they can view future similar closed-circuit events at unauthorized establishments such as Encuentro 103, Inc. d/b/a Encuentro 103 .

27.     Because of Defendants' wrongful actions, J & J Sports Productions, Inc. is entitled to collect from the Defendants  statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II).

28.     Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $10,000.00.

## COUNT II
## VIOLATION OF 47 U.S.C. §605(e)(3)(C)(i)(II)

29.     Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

30.     As previously mentioned, Section 605(e)(3)(C)(i)(II) provides that "the party aggrieved may recover an award of statutory damages … for each violation of **paragraph (4)** of this subsection involved in the action an aggrieved party may recover statutory damages in a sum not less than $10,000, or more than $100,000, as the court considers just."

31.     Moreover, Section 605(e)(4) provides that "Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a), shall be fined not more than $ 500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both. For purposes of all penalties and remedies established for violations of this paragraph, the prohibited activity established herein as it applies to each such device shall be deemed a separate violation."

7

32.  Based on information and belief the Defendants herein modified electronic, mechanical and/or another device to intercept electronic decoding equipment and satellite coordinates that was explicitly provided to the Plaintiff. Defendant' Anabel Flores, as an officer, director, shareholder and/or principal of Encuentro 103, Inc. d/b/a Encuentro 103 had a right and ability to supervise the infringing activities complained of herein on the night the "Event" was shown at Defendants' Establishment.

33.  Upon information and belief, the Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to J & J Sports Productions, Inc. and known only to Defendant.

34.  As a result of the foregoing, Defendants are in violation of Section 605(e)(4) and as such Plaintiff is entitled to the maximum amount of damages of $100,000.00 under Section 605(e)(3)(C)(i)(II).

35.  Wherefore, Plaintiff demands judgment in favor of the Plaintiff and against the Defendants in the amount of $100,000.00.

**COUNT III**
**VIOLATION OF 47 U.S.C. §605(e)(3)(C)(ii)**

36.  Plaintiff repeats, reiterates, and realleges, each and every allegation set forth in the prior paragraphs herein, with the same force and effect as if set forth at length herein.

37.  Section 605(e)(3)(C)(i)(II) provides that "In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual

8